## PAPWORTH *v.* GOODNOW, mayor.

Where a person had leased two lots with two houses thereon, adjoining each other, and with an opening in the adjoining sides of the houses so as to allow free passage from one to the other, each house having a separate front entrance from a public street; and where such person petitioned the proper municipal officer for one license to conduct his business of selling liquors at retail in each one of such houses, which was refused, because in the judgment of such official the applicant was seeking one license for two places of business, it was not error in the judge of the superior court to refuse his petition for mandamus to compel the officer to issue the license.

Submitted April 30, — Decided May 27, 1898.

Application for mandamus. Before Judge Smith. Irwin county. February 3, 1898.

Papworth brought his petition against the mayor of Fitzgerald, for mandamus to require the mayor to issue to him a

license to carry on the business of a retail dealer in vinous, malt, spirituous, and intoxicating liquors in that city; the petition alleging, that on January 7, 1898, he filed his application for that purpose, in compliance with the requirements of an ordinance of the city adopted January 3, 1898, being eligible under the law to carry on such business; that under the ordinance it was the official duty of the mayor to issue the license; and that the mayor refused to do so. The defendant answered, and the case was heard upon the following facts: It is agreed that Papworth is eligible to retail liquors in said city, has deposited the money for his license to sell, and executed the necessary bonds, and that the application for license is in due form, except that the defendant contends that the application describes two places of business, while the plaintiff contends that it is for only one place of business. It is agreed that the place described in the application is situated on two adjoining lots of land owned by two distinct parties; that the houses on said lots are joined together, and that there is an arch or doorway between the buildings. Papworth controls both lots under a lease, and is running a barroom on the same. The business is carried on as one business, and Papworth keeps only one set of books; all of the clerks work in any part of said business as required by him. He is conducting the business under one U. S. revenue license. The roofs and sides of the houses are joined together.

J. N. Henderson and E. H. Williams, for plaintiff.
E. W. Ryman, for defendant.

LEWIS, J. From a review of the record and an inspection of the diagram contained therein, we think the mayor was authorized in the conclusion he reached, that the applicant was seeking one license for two places of business. If the contention of the plaintiff in error be correct, that the establishment in question is only one barroom or saloon, then it is possible for one to have a line of saloons extending from one end of the block to the other, with different front openings, separate counters and barroom appurtenances for each; and simply by opening a passageway between the houses and having one set of books, he could denominate it one place of business, and obtain

a license therefor accordingly. By the same process of reasoning, he could in one house open a barroom in the basement, one on the ground floor and one on a floor above, provided he kept one set of books, and free passage could be had from one floor to the other by stairways. From the record before us we think that the inference is legitimate that the arrangement of plaintiff's business in these rooms or houses under the management of one set of clerks and one bookkeeper was a mere device to make that appear as one saloon which in point of fact was two. *Judgment affirmed. All the Justices concurring.*